J-S09035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TAARIQ T. PAUL | : | |
| | : | |
| Appellant | : | No. 790 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 6, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002057-2018

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED APRIL 06, 2020**

Appellant, Taariq T. Paul, appeals from the aggregate judgment of sentence of 369 days to 23 months of confinement followed by three years of probation, which was imposed after his conviction at a stipulated bench trial for manufacture, delivery, or possession with intent to manufacture or to deliver a controlled substance ("PWID").[1]  Appellant contends that the trial court erred by denying his motion to suppress.  After careful review, we affirm.

The facts presented during the suppression hearings are as follows.  On February 3, 2018, "shortly after 5:00 in the afternoon[,]" Sergeant Timothy Walters and Officer Matthew Meitzler had just finished responding to an unrelated call on Keim Street in Pottstown, Montgomery County, when they

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

began to smell "this strong odor of . . . unburnt marijuana[.]" N.T., 2/5/2019, at 7-8, 11. The odor became stronger as they walked towards Appellant's home, and they determined that it was emanating from his house. *Id.* at 9. They knocked on the door. *Id.* at 12; N.T., 2/6/2019, at 34-35. Approximately 60 to 90 seconds passed before Appellant answered the door. N.T., 2/6/2019, at 35. The officers asked for Appellant's "permission to search the residence[,]" which he denied. N.T., 2/5/2019, at 14. The officers "advised him that at this point [that they] were going to secure his residence[.]" *Id.* When later asked the reason for securing the residence, Sergeant Walters explained that they were "[m]aking sure that what [they] suspected was in the house was not being destroyed . . . that evidence was not being tampered with or destroyed." *Id.* at 15.

While Officer Meitzler left the home to obtain a warrant, Sergeant Walters waited with Appellant and his girlfriend in the living room of the home. *Id.* at 14-15. Appellant then "requested to go upstairs and get his wallet"; a third officer who had arrived at the scene "for officer safety purposes[,]" Officer Brandon Unruh, accompanied Appellant upstairs. *Id.* at 15, 42; N.T., 2/6/2019, at 18, 21. While upstairs, Officer Unruh observed two large vacuum-sealed bags of marijuana on the floor of the master bedroom, in plain view, and called Officer Meitzler on the telephone to report his observation, so that Officer Meitzler could include this information in his affidavit of probable cause for the search warrant. *Id.* at 18. Officer Meitzler "returned with the warrant and he and another officer searched the home.

Approximately 10 [pounds] of marijuana, drug paraphernalia, and a loaded

.22 caliber pistol were recovered from the search." Trial Court Opinion, dated

July 2, 2019, at 3 (citing N.T., 2/6/2019, at 16-17).

> [Appellant] was charged with numerous violations of the Controlled Substance, Drug, Device, and Cosmetic Act.[2] On August 21, 2018, [Appellant] filed a suppression motion alleging that the police created an exigency to justify a warrantless entry and search of his home. Following a two day hearing, th[e trial c]ourt denied the motion. [Appellant] proceeded immediately to a stipulated bench trial and was convicted of one count of [PWID] and sentenced[.] . . . On March 8, 2019, he filed a timely notice of appeal. By Order of March 11, 2019 th[e trial c]ourt directed him to file a concise statement pursuant to Pa. R.A.P. 1925 (b). He has since complied with that directive.

*Id.*[3]

Appellant presents the following issue for our review:

> Did the trial [c]ourt err in denying [Appellant]'s motion to suppress, in which [Appellant] contended that the warrantless entry into the home was made pursuant to exigent circumstances that were created by actions of the police?

Appellant's Brief at 1.

> In reviewing the denial of a suppression motion, our role is to determine whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of

---

[2] 35 P.S. §§ 780-101 to 780-144.

[3] The trial court entered its opinion on July 2, 2019.

the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Yim*, 195 A.3d 922, 926 (Pa. Super. 2018) (citations and internal brackets omitted). Our scope of review from a suppression ruling is limited to the evidentiary record created at the suppression hearing. *Commonwealth v. Fulton*, 179 A.3d 475, 487 (Pa. 2018).

In the current action, Appellant argues that "a police-created exigency [was] utilized to gain forcible and warrantless entry into [his] residence" and, hence, that "[a]ll of the evidence obtained after the knock on the door, including that obtained subsequent to issuance of the search warrant, should be suppressed." Appellant's Brief at 5, 8.

Exigent circumstances are an exception to the warrant requirement, excusing the need for a warrant where "prompt police action is imperative" - *i.e.*, when the delay in obtaining a search warrant would result in personal injury or the loss of evidence. *Commonwealth v. Hakim Johnson*, 969 A.2d 565, 569 (Pa. Super. 2009) (citation omitted); *accord Schmerber v. California*, 384 U.S. 757 (1966). The classic examples of exigent circumstances are where someone is yelling for help or where a defendant is flushing drugs down the toilet. *See, e.g.*, *Commonwealth v. Potts*, 73 A.3d 1275, 1275, 1280 (Pa. Super. 2013) (when police arrived, they heard screaming and yelling from appellant's apartment; their warrantless entry and

search was proper, as one exception to the warrant requirement "is when the police reasonably believe that someone within a residence is in need of immediate aid" (quoting *Commonwealth v. Galvin*, 985 A.2d 783, 795 (Pa. 2009)); *United States v. Fiasche*, 520 F.3d 694 (7th Cir. 2008) (after seeing police, defendant yelled "hold on," followed by "flushing sounds"; it was reasonable to conclude that drugs would have been flushed down the toilet in the time it would take to obtain a search warrant).

> Various factors need to be taken into account to assess the presence of exigent circumstances; for example: (1) the gravity of the offense; (2) whether the suspect is reasonably believed to be armed; (3) whether there is a clear showing of probable cause; (4) whether there is a strong reason to believe that the suspect is within the premises being entered; (5) whether there is a likelihood that the suspect will escape if not swiftly apprehended; (6) whether the entry is peaceable; (7) the timing of the entry; (8) whether there is hot pursuit of a fleeing felon; (9) whether there is a likelihood that evidence will be destroyed if police take the time to obtain a warrant; and (10) whether there is a danger to police or other persons inside or outside of the dwelling to require immediate and swift action.

*Commonwealth v. Brian Johnson*, 68 A.3d 930, 937 (Pa. Super. 2013) (citation and internal brackets omitted).

In the current appeal, the officers clearly had probable cause as soon as they determined that the odor of marijuana was emanating from Appellant's home. N.T., 2/5/2019, at 8-9; *see Brian Johnson*, 68 A.3d at 937 ("whether there is a clear showing of probable cause"). The officers knocked on the door at about 5:00 p.m. to inquire about the smell of marijuana and waited a minute or more for Appellant to open the door, N.T., 2/5/2019, at 11-12; N.T., 2/6/2019, at 34-35, and thereby "entered the home in the least intrusive way

possible[.]" Trial Court Opinion, dated July 2, 2019, at 5; *see Brian Johnson*, 68 A.3d at 937 ("whether the entry is peaceable" and "the timing of the entry"). The officers entered the home "to secure" it "to prevent the destruction of evidence" and, to a lesser extent, for purposes of "officer safety[.]" Trial Court Opinion, dated July 2, 2019, at 5-6; *see also* N.T., 2/5/2019, at 14-15 (Sergeant Walters testified that the purpose of entry was to prevent the destruction of evidence and an additional officer was called to the home for officer safety); *Brian Johnson*, 68 A.3d at 937 ("whether there is a likelihood that evidence will be destroyed if police take the time to obtain a warrant" and "whether there is a danger to police or other persons inside or outside of the dwelling to require immediate and swift action"); *Hakim Johnson*, 969 A.2d at 569 (exigent circumstances excusing the need for a warrant include when the delay in obtaining a search warrant would result in loss of evidence); *see also Schmerber*, 384 U.S. 757; *Fiasche*, 520 F.3d 694 (potential destruction of drugs creates exigent circumstances).

Accordingly, the clear showing of probable cause, the peaceable entry at a reasonable hour, and concerns over the loss of evidence and officer safety combine to establish exigent circumstances and, consequently, that the officers did not need a warrant prior to entering Appellant's home. *See Hakim Johnson*, 969 A.2d at 569; *see also Schmerber*, 384 U.S. 757.

Based on the foregoing, the trial court did not err by denying Appellant's motion to suppress. Ergo, Appellant is not entitled to relief.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 4/6/2020*